## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN MICHAEL ROLPH, II | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-1249 |
| DR. SABBA | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

John Rolph, II, plaintiff, filed suit against Dr. Sabba, defendant (ECF 1), which included a motion to proceed in forma pauperis ("IFP"). *See* ECF 1 at 8. The IFP motion shall be granted. For the reasons that follow, however, the Complaint must be dismissed, without requiring service.

Plaintiff alleges that Dr. Sabba, who works at Spring Grove Hospital where plaintiff was confined, negligently prescribed the wrong sized abdominal binder for a hernia, which caused a wound that has "scarred due to negligence and neglect." ECF 1 at 1. Because the binder was too small, plaintiff states it caused a sore on his abdomen that became infected and left a scar. *Id*. at 2 – 4. He alleges that, prior to this incident, his body was perfect; he was a model with a signed contract; and he had aspirations to become a model for Calvin Klein boxers. *Id*. According to plaintiff, he will now require cosmetic surgery to correct the unsightly scar, or he will have "to pollute [his] body with a tremendous amount of black ink." *Id*. at 6. He seeks monetary damages as relief. *Id*. at 7.

It is unclear from the Complaint whether plaintiff was committed to Spring Grove Hospital while he was serving a term of incarceration or whether he was a pretrial detainee. The Complaint does make clear that at different times during the course of plaintiff's treatment by

Dr. Sabba, he was also confined to the Baltimore County Detention Center. *See* ECF 1 at 4.   In either event, the constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are coextensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).   "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner."   *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988)).  Therefore, I shall refer to principles under the Eighth Amendment

In order to state an Eighth Amendment claim for denial of medical care or inadequate medical care, a plaintiff must demonstrate that the actions of the defendant or his failure to act amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).  A "'serious . . . medical need'" is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).  Objectively, the medical condition at issue must be serious, because there is no expectation that prisoners will be provided with unqualified access to health care.  *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992).   Proof of an objectively serious medical condition, however, does not end the inquiry.

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed either to provide it or to ensure the needed care was available.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it. . . . [T]he

Constitution is designed to deal with deprivations of rights, not errors in judgments, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999). In order "[t]o show an Eighth Amendment violation, it is not enough that an official *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Lightsey*, 775 F.3d at 178. In other words, deliberate indifference requires a showing that the defendant disregarded a substantial risk of harm to the prisoner. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001).

The Fourth Circuit has explained: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). The Court also said: "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting *Farmer,* 511 U.S. at 844).

The Fourth Circuit has characterized the applicable standard as an "exacting" one. *Lightsey*, 775 F.3d at 178. It noted in *Lightsey* that deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Lightsey*, 775 F.3d at 178; *see also Young*, 238 F.3d at 575. Moreover, in a case involving a claim of deliberate indifference to a serious medical need, the inmate must show a "significant injury." *Danser v. Stansberry*, 772 F.3d 340, 346 n.8 (4th Cir. 2014).

If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844.   Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000 (citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)).

Of course, if a risk is obvious, a prison official "cannot hide behind an excuse that he was unaware of a risk, no matter how obvious." *Brice*, 58 F.3d at 105; *see Makdessi v. Fields*, 789 F.3d 126, 133, (4th Cir. 2015).  And, "[a] prison official's subjective actual knowledge [of a risk] can be proven through circumstantial evidence. . . ." *Makdessi*, 789 F.3d at 134.

Notably, "[a] prisoner's disagreement with medical providers about the proper course of treatment does not establish an Eighth Amendment violation absent exceptional circumstances." *Lopez v. Green*, PJM-09-1942, 2012 WL 1999868, at *2-3 (D. Md. June 4, 2012) (citing *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)); *see Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977).  Moreover, "any negligence or malpractice on the part of … doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference."  *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998).  The right to medical treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Because plaintiff is self-represented, his Complaint is subject to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Affording the Complaint liberal construction, plaintiff himself has described the conduct of Dr. Sabba as negligent. *See* ECF 1 at 1.  Moreover,

the conduct that plaintiff has alleged does not amount to a violation of constitutional rights. At best, the Complaint against Dr. Sabba, the only defendant named, is one alleging medical malpractice. As indicated, mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

To be sure, in some circumstances, a plaintiff may litigate a medical malpractice claim in federal court, such as a claim involving malpractice by a doctor at a federal agency. But, medical malpractice is generally a state law claim. In that circumstance, such a claim may be brought in federal court, when there is diversity jurisdiction. In particular, under 28 U.S.C. §1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95 (2010); *Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. v. Rustam Guiv Foundation of New York*, ____ F.3d ____, No. 14-1841, slip op. at 14 (4th Cir. May 4, 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*,

298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited

jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*,

531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

(1994)).

Here, both plaintiff and defendant are citizens of Maryland, and the conduct giving rise to

the Complaint occurred in Maryland.  Thus, diversity jurisdiction does not exist.

The Complaint, sounding in medical malpractice or negligence, must be dismissed,

without prejudice, for lack of jurisdiction.[1]  A separate Order follows.


May 5, 2016                                                   _____/s/_____
Date                                                         Ellen L. Hollander
                                                             United States District Judge

---

[1] This ruling is without prejudice to any rights plaintiff may have to pursue claims of medical malpractice in State court. Under Maryland law, a claim of medical malpractice may proceed only after a review before the Maryland Health Claims Arbitration Board.  *See* Md. Code, Cts & Jud. Proc., § 3–2A–01 *et seq., see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007); *Davison v. Sinai Hospital of Baltimore Inc.*, 462 F. Supp. 778, 779–81 (D. Md. 1978). The court expresses no opinion as to the viability or merits of such a claim.